UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RHODA E. LYONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:11-cv-200 |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is a motion (Docket # 11) and a questionnaire (Docket # 14) filed by *pro se* Plaintiff Rhoda Lyons, requesting that this Court appoint counsel to represent her in this appeal from the denial of her application for disability insurance benefits under the Social Security Act. Because Lyons's case is not a difficult one and since she is competent to litigate it, her motion will be DENIED.

## LEGAL STANDARD

"Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. § 405."[1] *Kirkpatrick v. Astrue*, No. 08-0407, 2008 WL 879407, at *1 (W.D. La. Mar. 31, 2008). "Thus, the court must look to the more general authority of 28 U.S.C. § 1915(e)(1) to consider [a] plaintiff's request for court-appointed counsel." *Id*.

Under 28 U.S.C. § 1915(e)(1), a court may request that an attorney represent an indigent

---

[1] Indeed, no constitutional or statutory right to counsel exists in a civil case. *Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010); *Pruitt v. Mote*, 503 F.3d 647, 656-57 (7th Cir. 2007) (citing *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997); *Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir. 1995).

litigant; the decision whether to recruit pro bono counsel is left to the discretion of the district court. *Santiago*, 599 F.3d at 760-61; *Pruitt,* 503 F.3d at 649; *Luttrell*, 129 F.3d at 936; *Zarnes*, 64 F.3d at 288. "When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it [her]self?" *Pruitt*, 503 F.3d at 654-55; *see also Santiago*, 599 F.3d at 761.

The second prong of this test comes down to a two-fold inquiry that must address "both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims [her]self." *Pruitt*, 503 F.3d at 654-55; *see also Santiago*, 599 F.3d at 761. The question is "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge and jury [her]self." *Pruitt*, 503 F.3d at 654-55; *see also Santiago*, 599 F.3d at 761. Stated another way, the district court must ascertain "whether the plaintiff appears competent to litigate [her] own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 654-55 (emphasis omitted).

Normally, determining a plaintiff's competence will be assessed by considering "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Id*; *see also Santiago*, 599 F.3d at 762. And if the record reveals the plaintiff's intellectual capacity and psychological history, these too would be relevant. *Pruitt*, 503 F.3d at 654-55; *see also Santiago*, 599 F.3d at 762. Overall, the decision to recruit counsel is a "practical one, made in light of

whatever relevant evidence is available on the question." *Pruitt*, 503 F.3d at 654-55; *see also Santiago*, 599 F.3d at 762.

## ANALYSIS

Here, the first prong of the foregoing legal standard—that is, whether Lyons has made a reasonable attempt to obtain counsel on her own—is not in issue. She apparently has contacted four different attorneys; none, however, have taken her case. (Docket # 14.) Of course, this is an indication that Lyons's case may indeed have little merit and that appointing counsel will not make a difference in the case's ultimate outcome. *See Jackson*, 953 F.2d at 1073 (considering plaintiff's unsuccessful attempts to retain counsel when denying his motion to appoint counsel).

Nevertheless, the Court will proceed to the second prong of the inquiry—the difficulty of Lyons's claims and her competence to litigate them herself. As to the difficulty of the case, this suit is a relatively straightforward appeal of a denial of disability benefits under the Social Security Act, which "by nature is not unduly complex." *Kirkpatrick*, 2008 WL 879407, at *1; *see also Foggie ex rel. Geronimo v. Comm'r of Soc. Sec.*, 243 F. Supp. 2d 2, at *4 (S.D.N.Y. 2003); *Bara v. U.S. Comm'r of Soc. Sec.*, No. 98 C 1112, 1998 WL 135606, at *2 (N.D. Ill. Mar. 11, 1998). "The matter will be decided by the court upon the existing administrative record and after consideration of the parties' arguments as presented in written memoranda." *Kirkpatrick*, 2008 WL 879407, at *1. "Thus, skill in the presentation of evidence and in cross-examination is not required." *Id*. "Moreover, because these matters are decided on the existing record and written briefs, a trial will not be held." *Id*. Thus, the first factor—the difficulty of her claims—cuts against Lyons's request for counsel. *See id.* at 1-2 (denying a motion to appoint counsel in the appeal from the denial of social security disability benefits).

Second, Lyons has already adequately articulated her claims in this case and sought relief through various motions. (*See* Docket # 1, 2, 11.)  Furthermore, the administrative record reveals that Lyons has a high school education and attended one year of college (Tr. 114); currently works part-time at Stein Mart as a customer service representative (Tr. 109, 152); and has past work experience as a patient registrar, nursing assistant, and renal care technician (Tr. 110, 117-18, 152).  Therefore, it can be inferred that she has reasonably good communication skills.  Moreover, as explained *supra*, the facts of the case are already articulated in the administrative record; therefore, the task of developing the record is not at issue.  As a result, the second factor of the two-fold inquiry—the plaintiff's competence to litigate the claims herself—also fails to support Lyons's request for counsel.

Considering the foregoing, Lyons appears quite competent to adequately handle the litigation of this relatively straightforward appeal of the denial of her application for Social Security disability insurance benefits.  Consequently, her motion asking that the Court recruit counsel for her will be denied.

## CONCLUSION

For the reasons stated herein, Plaintiff's motion requesting the appointment of counsel (Docket # 11) is DENIED.  Plaintiff is, of course, free to attempt to secure counsel on her own.

Enter for this 15th day of September, 2011.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge